UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD ARMSTRONG,

              Plaintiff,

-against-

DAVID EISENBERG, LEGAL COUNSEL;
B&H PHOTO; ALAN P., ASSISTANT TO
DAVID EISENBERG,

              Defendants.

19-CV-11676 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. By order dated January 23, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

On an unspecified date, Plaintiff Richard Armstrong purchased a MacBook Pro laptop computer from B&H Photo. Years later, "it became apparent that there was a problem because the plaintiff wasn't getting email responses from clients [with] whom he held a contractual business relationship . . . for over 20 years." (ECF 2, at 8.)[1]

Plaintiff contends that a "vulnerability . . . was being orchestrated of not having a secure system; . . . what was found was that the plaintiff['s] SMTP (Simple Mail Transfer [P]rotocol) settings weren't as they should have been[. I]nstead of icloud.com it read me.com as the domain. The plaintiff realized . . . that his correspondence wasn't going anywhere." (*Id.*) Plaintiff also observed that "the screen that usually reads 'MacBook Pro' . . was blank[,] meaning that the screen wasn't labeled properly as being a MacBook Pro." (*Id.*)

Plaintiff asserts claims for "breach of warranty" and "tortious interference of a contractual relationship," seeking $300,000 in compensatory and punitive damages. (*Id.* at 6.)

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v.*

---

[1] Plaintiff indicates that he brought a lawsuit in 2017, arising from the same facts, though it is unclear where the action was filed; he states that the suit "was dismissed for lack of jurisdiction." (*Id.*) Plaintiff does not address why the outcome of this second suit should differ.

*CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway*

*Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see*

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.

574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own

initiative . . . .").

      To invoke federal question jurisdiction, a plaintiff's claims must arise "under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under

federal law if the complaint "establishes either that federal law creates the cause of action or that

the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting

*Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Plaintiff does not

invoke the Court's federal question jurisdiction, and the complaint does not plead facts that give

rise to a federal claim.

      Plaintiff invokes the Court's diversity jurisdiction. To establish jurisdiction under 28

U.S.C. § 1332, a plaintiff must first allege that the plaintiff is not a citizen of the same state as

any defendant. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff

must allege to a "reasonable probability" that the claim is in excess of the sum or value of

$75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ*

*Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks

omitted).

      Plaintiff alleges that he is a citizen of Ohio (ECF 2, at 2), and that Defendant B&H Photo

is a citizen of New York, (*id.* at 3). Plaintiff does not plead any facts, however, about where the

other two defendants, B&H's attorney David Eisenberg, or Eisenberg's assistant "Alan P." are domiciled. Diversity must be complete; that is, "no plaintiff and no defendant [may be] citizens of the same State." *Schacht*, 524 U.S. at 388. Plaintiff thus fails to plead facts sufficient to carry his burden of demonstrating that the Court can exercise diversity jurisdiction over this matter. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it.").

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). A district court generally should grant a plaintiff an opportunity to amend the complaint to replead facts about the citizenship of the parties or "to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987).

Here, it would be futile to allow Plaintiff to amend his complaint to drop any nondiverse defendants and demonstrate complete diversity of citizenship. This is because Plaintiff's complaint demonstrates that he cannot recover punitive damages, and, without them, the necessary jurisdictional amount cannot be exceeded.

"[I]f [the] court makes a face-of-the-complaint determination that the $75,000 amount in controversy cannot be recovered 'to a legal certainty,' the case is dismissed for lack of subject matter jurisdiction." *Hall v. Earthlink Network, Inc.,* 396 F.3d 500, 507 n.5 (2d Cir. 2005); *Novosel v. Northway Motor Car Corp.*, 460 F. Supp. 541, 546 (N.D.N.Y. 1978) (plaintiff should not be "permit[ted] unwarranted access to the federal courts . . . by the simple device of pleading

punitive damages when the remedies in State court are available to fully and fairly compensate for the alleged breaches.").

Plaintiff seeks $300,000, including punitive damages, for tortious interference with a contractual relationship. The basis for Plaintiff's claim is that, after years of using the computer that he purchased from B&H, he sent emails to parties with whom he had worked for more than 20 years and did not receive any response – allegedly because of latent defects in the computer and problems with its settings.[2]

Plaintiff cannot recover punitive damages on a theory of tortious interference because his alleged injuries are for 'economic loss,' and he is therefore limited to contractual remedies. "The economic loss rule reflects the principle that damages arising from the failure of the bargained-for consideration to meet the expectations of the parties are recoverable in contract, not tort." *Bristol-Myers Squibb, Indus. Div. v. Delta Star, Inc.*, 620 N.Y.S.2d 196, 198–99 (1994); *Weiss v. Polymer Plastics Corp.*, 802 N.Y.S.2d 174, 175 (2005) (A plaintiff cannot recover under a tort theory "where the claimed losses flow from damage to the property that is the subject of the contract, and personal injury is not alleged or at issue."). "[W]hen damage suffered by a plaintiff is the result of a non-accidental cause, such as deterioration or breakdown of the product itself, the injury is properly characterized as 'economic loss' and plaintiff is relegated to contractual remedies." *Antel Oldsmobile-Cadillac, Inc. v. Sirus Leasing Co., Div. of Sirus Enterprises*, 101

---

[2] Tortious interference occurs when a business or individual who is not a party to a contract intentionally disrupts a business relationship formed by a contract. *Lama Holding v. Smith Barney*, 88 N.Y.2d 413, 424 (1996). Under New York law, an action for interference with a contractual relationship requires the existence of a valid, enforceable contract between the plaintiff and a third party, the defendant's knowledge of that contract, the defendant's intentional procurement of the third-party's breach of the contract without justification, an actual breach of the contract, and damages resulting therefrom. *NBT Bancorp v. Fleet/Norstar*, 87 N.Y.2d 614, 621 (1996); *RLR Realty Corp. v. Duane Reade Inc.*, 145 A.D.3d 444, 445 (1st Dept. 2016).

A.D.2d 688, 688, 475 N.Y.S.2d 944, 945 (1984) (in suit for loss of stored data resulting from breakdown of defendants' computer system, economic loss doctrine precluded tort claims).

Plaintiff is limited to contractual remedies, in this case, breach of warranty. Generally, "[t]he measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted . . . ." N.Y. U.C.C. Law § 2-714.[3] Plaintiff thus cannot recover punitive damages from the merchant who sold him a computer based on his allegations that he had problems with his e-mail years after purchasing the computer. Absent punitive damages, Plaintiff cannot demonstrate that the amount in controversy is satisfied. It would therefore be futile to grant Plaintiff leave to replead to demonstrate that the Court has diversity jurisdiction over this action.

The Court also concludes that Plaintiff's allegations are frivolous and therefore also declines to grant leave to amend on that basis. 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

---

[3] Plaintiff's claims have numerous other defects, but the Court does not reach the merits of Plaintiff's claims because there is no subject matter jurisdiction over this action.

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    February 3, 2020
          New York, New York

                       COLLEEN McMAHON
           Chief United States District Judge