UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD ARMSTRONG,

                Plaintiff,

-against-

B&H PHOTO; DAVID EISENBERG; ALAN P.,

                Defendants.

19-CV-11676 (CM)

ORDER

COLLEEN McMAHON, United States District Judge:

Plaintiff filed this action *pro se* and *in forma pauperis*. On February 3, 2020, the Court dismissed the complaint for lack of subject matter jurisdiction and concluded that it would be futile to grant leave to amend. More than one year later, on April 26, 2021, Plaintiff filed a motion for reconsideration challenging the February 2020 dismissal order.

The Court liberally construes this submission as a motion, under Rule 60(b) of the Federal Rules of Civil Procedure, for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

In his motion for reconsideration, Plaintiff invokes 18 U.S.C. § 371, alleging that there is evidence of a federal conspiracy. (ECF No. 9 at 2.) He discovered, three years after purchasing a computer from Defendant B&H Photo, that the SMTP setting was misconfigured and "didn't display MacBook Pro on the middle bottom of the screen," which made it difficult to work securely on the device. (*Id.*)

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Accordingly, Plaintiff's motion for reconsideration (ECF No. 9) is denied.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's case in this Court under Docket No. 19-CV-11676 (CM) is closed. The Court will only accept for filing documents that are directed to the Second Circuit Court of Appeals.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 15, 2021
New York, New York

COLLEEN McMAHON
Chief United States District Judge